# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABITHA McGEE, | ) No. EDCV 14-2188 FFM |
| Plaintiff, | ) **MEMORANDUM OPINION** |
| v. | ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## I. INTRODUCTION

Plaintiff Tabitha McGee ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 7, 10). Pursuant to the October 29, 2014 Case Management Order, (Dkt. No. 8), on September 1, 2015, the parties filed a Joint Stipulation ("Joint Stip.") detailing each party's arguments and authorities, (Dkt. No. 19). The Court has reviewed the Joint Stipulation and the administrative record ("A.R."), filed by defendant on April

1

30, 2015, (Dkt. No. 14).  For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

## II.   PRIOR PROCEEDINGS

On July 7, 2011 Plaintiff applied for Supplemental Security Income based on alleged physical and mental impairments and asserting disability since July 9, 2009. (A.R. 229).  Plaintiff alleged the following disabling impairments: breast cancer stage 2, mastectomy both breasts, hypothyroidism, muscle connective tissue disorder, chronic headaches, lower back pain, multiple surgeries, sickle cell trait (very low iron), and sleep apnea.  (A.R. 258).  The Administrative Law Judge ("ALJ"), Jennifer A. Simmons, examined the records and heard testimony from Plaintiff, a third party witness, and a vocational expert ("VE"), on February 26, 2013.  (A.R. at 38–111).

At the hearing, Plaintiff testified that in 2008 she was diagnosed with breast cancer.  (A.R. 49–50).  Plaintiff consequently underwent a lumpectomy in January, 2011, and a bilateral mastectomy in June, 2011.  (A.R. 52).  Although the surgeries successfully removed the cancer, Plaintiff continues to feel pain from the surgical scars and ongoing breast reconstruction surgeries.  (A.R. 54–56).  Plaintiff also testified that she was laid off from her previous job in July, 2009, because of her inability to complete her work in a timely manner.  (A.R. 62).  Plaintiff claimed that this inability was the result of fatigue she felt throughout the day.  (A.R. 62–63).  Plaintiff further asserted that, along with extreme fatigue, she feels constant joint and muscle pain throughout her body.  (A.R. 62–68).  Plaintiff testified that, because of the pain and fatigue, she spends most of each day lying down or sleeping.  (A.R.74–75).  Additionally, she stated that she cannot stand or walk for longer than ten minutes without support.  (A.R. 72–74).  To treat her pain, Plaintiff takes eight-hundred milligrams of Motrin, daily.  (A.R. 47).  She has also undergone a series of epidural injections, with another series planned but pending insurance approval.  (A.R. 49).  Plaintiff's doctors prescribed her Cymbalta to

treat her depression. (A.R. 76). The Cymbalta has also helped Plaintiff manage her pain. (A.R. 76–79). Plaintiff also takes gabapentin for her pain. (A.R. 75).

On March 8, 2013, the ALJ denied Plaintiff benefits in a written decision. (A.R. 14–30). The ALJ found that Plaintiff suffered from the following severe impairments: connective tissue disease, history of lupus and fibromyalgia, mild degenerative disc disease of the thoracic and lumbar spine, moderate degenerative disc disease of the cervical spine, and affective disorder. (A.R. 19). However, the ALJ further found that none of these impairments met or equaled a listing found in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*) Based on her review of the record, the ALJ concluded that Plaintiff possessed the residual functional capacity ("RFC") to:

> Lift 20 pounds occasionally and 10 pounds frequently . . . stand and walk for six hours out of an eight hour day, and sit for six hours out of an eight hour day . . . frequently climb ramps and stairs, and occasionally climb ladders, ropes or scaffolds . . . frequently stoop, kneel, crouch and crawl . . . [with]stand occasional exposure to extreme cold, fumes, odors, dusts, gases and poor ventilation . . . [and] understand, remember, and carry out simple, routine tasks.

(A.R. 22). In determining Plaintiff's RFC, the ALJ discredited both Plaintiff's testimony and the testimony of the lay witness, Mr. Alan Thomas. (A.R. 23–25). Based on Plaintiff's RFC and the testimony of the VE, the ALJ found that Plaintiff could perform her past relevant work as a corrections officer, office helper, or general office clerk and was, therefore, not disabled under the Social Security Act. (A.R. 28).

On September 4, 2014, the Appeals Council denied review of the ALJ's decision. (A.R. 1–3). Plaintiff initiated the instant proceedings on October 23, 2014. (Dkt. No. 1).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and

(2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flatten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014–15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

## IV. PLAINTIFF'S CONTENTIONS

Plaintiff raises the following issues:

1. Whether the ALJ erred in finding that Plaintiff's breast cancer was non-severe;
2. Whether the ALJ properly considered Plaintiff's lumbar spine and fibromyalgia;
3. Whether the ALJ properly considered the opinion of Plaintiff's treating physician, Dr. Eric Lee; and
4. Whether the ALJ properly evaluated Plaintiff's credibility.

(Joint Stip. at 2).

///

## V.   DISCUSSION

Upon consideration of the record, the Court finds that Plaintiff's fourth claim warrants remand for further consideration.  Since remand is appropriate on the issue of whether the ALJ properly evaluated Plaintiff's credibility, the Court declines to consider the remaining issues.

A.   The ALJ Erred In Evaluating Plaintiff's Credibility

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their claimed severity.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an ALJ may reject a claimant's allegations upon:  (1) finding affirmative evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

Here, the ALJ apparently found that Plaintiff's impairments could reasonably cause the alleged symptoms.  (A.R. 24).  However, the ALJ also determined that Plaintiff's testimony regarding the "intensity, persistence, and limiting effects" of her symptoms was not entirely credible.  (*Id.*)  To support this adverse credibility determination, the ALJ found that: (1) "[Plaintiff's] allegations of debilitating pain and mental anguish are inconsistent with the objective medical evidence;" (2) Plaintiff continued working despite her impairments and later quit working for reasons unrelated to her disability; (3) Plaintiff underwent "routine conservative treatment for complaints of back pain, connective tissue disease, history of fibromyalgia, and history of lupus;" (4) Plaintiff "has not made consistent complaints of disabling pain;" and (5) Plaintiff's medical records show that she received no treatment for her depression.[1] (*Id.*)

---

[1] Because the ALJ explicitly refrained from considering Plaintiff's daily activities, (A.R. 24), the Court likewise declines to discuss them.

1. Plaintiff's Work History

An ALJ's clear and convincing reasons for discrediting a claimant's testimony must be "supported by evidence in the record." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ noted that the record lacks any indication that Plaintiff was laid off because of performance, as opposed to economic factors. (A.R. 24). However, the record does not show that Plaintiff was laid off because of "hard economic times."[2] Additionally, the ALJ impermissibly failed to explain how being laid off as the result of "hard economic times" undermines Plaintiff's credibility.[3] *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (finding that simply reciting the fact that the claimant left work for reasons unrelated to disability, without explanation as to how this impacted her credibility, was an insufficient reason to undermine Plaintiff's credibility). Furthermore, while Plaintiff did testify that she initially worked through pain and fatigue, (A.R. 57–58), she also stated that her symptoms had gradually worsened between the time she was employed and the time she had applied for disability, (A.R. 254, 256). As a result, the ALJ's rejection of Plaintiff's subjective complaints based on her work history is unsupported by the evidence and, therefore, impermissible.

2. Routine Conservative Treatment

Ordinarily, "evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (internal quotation marks omitted). Here, the ALJ found that

---

[2] In fact, the only evidence in the record as to why Plaintiff was laid off comes from Plaintiff herself. The ALJ only discredited Plaintiff's testimony regarding the "persistence, intensity, and limiting effects" of her symptoms, and not her testimony regarding why she was laid off. (A.R. 24).

[3] Defendant cites *Drouin v. Sullivan*, 966 F.2d 1255 (9th Cir. 1992) to support the argument that an ALJ may base an adverse credibility determination on the fact that a claimant ceases working for reasons unrelated to her disability. (Joint Stip. at 25). However, in *Drouin*, the claimant made inconsistent statements about why she stopped working. 966 F.3d at 1258–59. Accordingly, it is unclear that *Drouin* provides support for Defendant's contention here, as Plaintiff made consistent statements about her why she left work.

"[t]he records also document routine conservative treatment for complaints of back pain, connective tissue disease, history of fibromyalgia, and history of lupus." (A.R. 24). However, the record indicates that Plaintiff's treatment was, in fact, largely non-conservative. Plaintiff underwent multiple series of epidural corticosteroid injections. (A.R. 502, 505). Additionally, Plaintiff was prescribed eight hundred milligrams of Motrin, as well as gabapentin, Cymbalta, and Plaquenil. (A.R. 485, 502, 619, 622). This course of treatment cannot be considered conservative. *See*, *e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("In any event, we doubt that epidural shots . . . qualify as 'conservative' medical treatment."); *Lapierre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (citation omitted) (suggesting that claimant's treatment with strong pain medications and injections should not be considered conservative); *Horton v. Astrue*, 252 F. App'x 160, 161 (9th Cir. 2007) (ALJ erred in characterizing claimant's treatment as conservative where claimant had been prescribed 800 milligram tablets of ibuprofen); *cf. Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (finding conservative treatment where claimant successfully treated impairments with over the counter medications). Accordingly, the ALJ's finding that Plaintiff was able to overcome her impairments through routine and conservative treatment does not satisfy the "clear and convincing" standard.

       3.     Inconsistent Statements

Generally, ALJs may rely on "ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements." *Smolen*, 80 F.3d at 1284. However, an ALJ's decision "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (internal quotation marks omitted). Additionally, while ALJs are not required to discuss every piece of evidence before them, *Howard*, 341 F.3d at 1012, they are not permitted to selectively rely on evidence that supports their conclusion and ignore contrary findings, *see Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001); *Gallant v. Heckler*, 753 F.2d 1450, 1456 ("[The ALJ] cannot reach a conclusion first, and then attempt to justify it by

ignoring competent evidence in the record that suggests the opposite result." (citing *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982))); *Garrison*, 759 F.3d at 1017, n.23 (ALJs are not permitted to "cherry-pick" evidence of non-disability in order to support their ultimate conclusions (citations omitted)).

In this instance, the ALJ impermissibly chose to ignore the gravamen of evidence in the record. The ALJ wrote that "[Plaintiff] has not made consistent complaints of disabling pain; for instance . . . [Plaintiff's] rheumatologist[] noted that claimant reported only mild complaints of pain."[4] (A.R. 24). However, this finding fails to take into account that Plaintiff reported "moderate" or "severe" pain nearly every time she went to the doctor. (A.R. 480, 494, 497, 502, 618, 620, 621). The Court refuses to find that several complaints of mild pain preceding numerous complaints of severe pain reflect that Plaintiff is less than fully credible, especially since Plaintiff complained of worsening symptoms over time. Therefore, while Plaintiff's few complaints of mild pain may be "inconsistent," in the most literal sense, with her other complaints, a review of the record as a whole indicates that Plaintiff's statements illustrate her deteriorating physical condition. As a result, the ALJ's finding that Plaintiff made inconsistent statements about her pain is not supported by substantial evidence.

    4.  Lack of Mental Health Treatment

An ALJ may not discredit a disability claimant's statements regarding mental illness based on the claimant's failure to seek treatment for the illness. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citations omitted). It follows that an ALJ errs when discrediting a claimant's credibility based upon failure to seek further treatment for a mental impairment. As a result, the ALJ in this case erred by finding that the lack of aggressive treatment for Plaintiff's depression diminished Plaintiff's credibility.

///

---

[4] The Court is aware of just a single instance where Plaintiff claimed her joint pain was mild, (A.R. 480), and only two instances where she stated her bone pain was mild, (A.R. 398, 488). Additionally, contrary to the ALJ's assertion, the record does not show that they were documented by Plaintiff's rheumatologist. (A.R. 398, 480, 488).

5. Objective Medical Evidence

Lastly, the ALJ cited multiple examples of ways in which Plaintiff's complaints and testimony were inconsistent with the objective medical evidence. (A.R. 24). The Court has already determined that the ALJ's prior reasons for discounting Plaintiff's testimony are invalid. As a result, the ALJ's credibility determination now rests entirely on the finding that Plaintiff's complaints are not fully corroborated by the available objective medical evidence. However, a "lack of medical evidence cannot form the sole basis for discounting pain testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain . . . solely because the available objective medical evidence does not substantiate your statements."). Therefore, the ALJ did not properly discredit Plaintiff's testimony.

B. The ALJ's Errors Were Not Harmless

"[H]armless error principles apply in the Social Security . . . context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An ALJ's error is harmless only when it is "clear from the record that [the] ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins*, 466 F.3d at 885 (quoting *Stout*, 454 F.3d at 1055–56). Here, the record does not clearly indicate that the ALJ's errors were inconsequential to the ultimate disability determination. Rather, the ALJ's entire credibility evaluation relies upon legally invalid reasons. While other evidence in the record may support the ALJ's credibility determination, the Court may "affirm the agency's decision to deny benefits only on grounds invoked by the agency." *Brown-Hunter*, 806 F.3d at 492 (citing *Stout*, 454 F.3d at 1054); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (holding that courts are "constrained to review the reasons asserted by the ALJ"). As the grounds relied upon by the ALJ to discount Plaintiff's complaints of subjective pain are invalid for the aforementioned reasons, the errors committed in the ALJ's decision are not harmless.

C. <u>Remand Is Warranted</u>

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175–78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison*, 759 F.3d at 1020. Furthermore, where review of the record as a whole creates "serious doubts that a claimant is, in fact, disabled," an immediate award of benefits is inappropriate. (*Id.* at 1021). Here, the ALJ failed to properly evaluate Plaintiff's credibility. However, a review of the record does not unequivocally show that Plaintiff is disabled, but rather creates "serious doubts" about Plaintiff's disability. Since the record does not reflect that "further administrative proceedings would serve no useful purpose," reversal with an immediate award of benefits is inappropriate at this time. *See id.*

## ORDER

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this decision.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 10, 2016

                                              /S/FREDERICK F. MUMM
                                              FREDERICK F. MUMM
                                       UNITED STATES MAGISTRATE JUDGE